1819.

Pratt
vs
Ayler

2 *P. Wms.* 26.   *Lloyd vs. Williams,* 2 *Atk.* 108.   *Atkins vs. Daubeny,* 1 *Eq. Ca. Ab.* 45.   2 *Fonbl.* 430.

*Goldsborough,* for the Appellees, referred to 2 *Fonbl.* 188, 431.   *Crickett vs. Dolby,* 3 *Ves.* 10 to 13.

DECREE AFFIRMED.

---

JUNE, (E. S.)                    HALE's Adm'r. vs. HOWE's Ex'r.

*The county court has jurisdiction in cases where an executor or administrator is defendant, and the debt or demand does not exceed 30 dollars, and such cases are not cognizable before a justice of the peace.*

APPEAL from *Dorchester* County Court.   This was an action of debt for $30, and by a case stated it was admitted that the intestate of the defendant, (now appellant,) in his life-time, was indebted to the testator of the plaintiff, (the appellee,) in his life-time, in the sum of $30, as stated in the declaration, and not more, and that the same was unpaid, and that for the recovery of that sum this suit is brought.   It was further agreed, that if the court should be of opinion that the county court had jurisdiction, judgment was to be entered for the plaintiff for the above sum, and costs; but if on the contrary the court should be of opinion that the county court had not jurisdiction, but that the same was properly cognizable before a justice of the peace, then judgment of *non pross* was to be rendered in favour of the defendant, for costs.   The county court gave judgment for the plaintiff, and the defendant appealed to this court.

The cause was argued before CHASE, Ch. J. and EARLE, JOHNSON, and DORSEY, J. by

*Lecompte,* for the Appellant, and by
*J. Bayly,* for the Appellee.   He insisted that neither a plaintiff nor a defendant, being an executor or administrator, could sustain a warrant, or be warranted before a justice of the peace, and referred to the act of 1791, *ch.* 68. *Wells vs. Newkirk,* 1 *Johns. Cas.* 228; and 3 *Hall's L. J.* 113.

JUDGMENT AFFIRMED.

---

JUNE, (E. S.)                    PRATT VS. AYLER.

*In an action of assault and battery, the declarations of the defendant of his criminal intentions against the plaintiff, are proper evidence to aggravate the damages sustained by the plaintiff, and as such ought to be considered by the jury.*

APPEAL from *Queen-Anne's* County Court.   Assault and battery by the appellee against the appellant.   *Non cul* and *son assault demesne* were pleaded.   The plaintiff gave in evidence at the trial, that on the 24th of December 1816, on his way to *Centreville,* he met the defendant on the pub-

lic road, that the defendant approached him, and drew a small sword from a cane which he had in his hand, and as he approached, asked him to show him the knife with which he had stabbed his brother *E. Pratt.* That some conversation took place between them, and the defendant made a thrust at the plaintiff with the sword which he held in his hand, and wounded him in the breast, skin deep, from which a little blood issued. That some further conversation took place between them, and the defendant drew a knife, and told the plaintiff he would try blades with him, and made another thrust at him. The plaintiff also proved, that the defendant declared immediately afterwards, that he had made two efforts to kill the plaintiff, and that he would kill him. The defendant then proved, that about an hour before this affray he had seen his brother, *E. Pratt,* who had been wounded a short time before by the plaintiff; and that at the time he saw him, which was the first time he had any knowledge of his brother's situation, it was expected he would die of the wound. That when the defendant saw his brother, he was greatly agitated and incensed, and appeared not to be himself, and that he then declared he would have vengeance of the plaintiff. The defendant then prayed the court to direct the jury, that the plaintiff was not entitled to recover damages for any supposed criminal intention on the part of the defendant, but only for the injury done, and indignity offered, by the defendant to the plaintiff. But the Court [*Earle,* Ch. J. and *Worrell,* A. J.] refused to give the instruction, being of opinion that the declarations of the defendant, of his criminal intentions against the plaintiff, were proper evidence to aggravate the damages sustained by the plaintiff, and as such ought to be considered by the jury. The defendant excepted; and the verdict and judgment being against him he appealed to this court.

The cause was argued before Chase, Ch. J. and Johnson, Martin, and Dorsey, J.

*Carmichael* and *Chambers,* for the Appellant, cited 1 *Bac. Ab.* 156, 157. 1 *Hawk.* 264. 1 *East's C. L.* 411; and 5 *Com. Dig.* 582.

*Harrison,* and *P. B. Hopper,* for the Appellee.

JUDGMENT AFFIRMED.

1819.

Pratt
vs
Ayler